UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
SUSAN YOUNG

                                **Plaintiff,**

    -against-

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

                                **Defendant.**
-------------------------------------------------------------------X

Case No.: _____

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Susan Young brings suit against Defendant debt collector Portfolio Recovery Associates, LLC for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and violations of NY. General Business Law § 349 *et seq.* ("GBL 349"), and in support alleges as follows.

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York.

## PARTIES

3. Plaintiff Susan Young (hereinafter "Ms. Young") is an individual residing in Kings County, New York.

4. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability corporation, organized under the laws of the State of Delaware. PRA engages in business in New York. This suit arose out of PRA's business in New York. Therefore, PRA may be served by and through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

## STATEMENT OF FACTS

5. On or about January 29, 2014, Portfolio Recovery Associates, LLC ("PRA") filed a verified complaint styled *Portfolio Recovery Associates, LLC v. Susan Young*, Index No. CV-005237-14/KI (the "collection lawsuit"). A true and correct copy of the summons and complaint is attached as *Exhibit A* and incorporated by reference for all purposes.

6. The summons and complaint was purportedly signed by a "New York In-House Counsel" for PRA. The summons and complaint lists four different putative "New York In-House Counsel," but does not indicated which one purportedly signed the documents.

7. The collection lawsuit contended that PRA purchased a consumer credit debt from "CITIBANK/SEARS" with an account number ending in 2087, and sought judgment against Ms. Young on $1,192.67, plus interest, under theories of account stated and breach of contract.

8. On or about March 3, 2014, PRA filed an affidavit of service in the collection lawsuit, claiming personal service on Ms. Young on February 25, 2014.

9. Fortunately, Ms. Young was a member of a union, which provided her legal representation.

10. Attorney Steven Rinsler of DC 37 Municipal Employees Legal Services Plan represented Ms. Young in the collections lawsuit.

11. Mr. Rinsler repeatedly notified PRA's "New York In-House Counsel" office that Ms. Young was represented by counsel in the collection lawsuit and in regards to the putative account.

12. PRA was put on notice that Ms. Young was represented by counsel when, on or about March 24, 2014, Mr. Rinsler called PRA and requested an extension to file an answer in the collection lawsuit.

13. PRA was put on notice that Ms. Young was represented by counsel when, on March 24, 2014, Mr. Rinsler faxed PRA a proposed stipulation extending answer the collections lawsuit until April 4, 2014. *See Exhibit B*. The fax cover sheet confirmed Mr. Rinsler's conversation with PRA to obtain an extension. However, PRA did not sign the extension.

14. PRA was put on notice that Ms. Young was represented by counsel when, on or about March 26, 2014, Mr. Rinsler served on PRA a notice of appearance, an answer denying the substantive allegations and raising five affirmative defenses, and interrogatories. *See Exhibit C*.

15. Approximately eight months later, on or about October 12, 2014, PRA sent an *ex parte* collection letter to Ms. Young. See Exhibit D.

16. After a letterhead from PRA's "Litigation Department" the letter read:

October 12, 2014

SUSAN YOUNG
281 Halsey St Apt 2
Brooklyn, NY 11216-2403

  Re: PORTFOLIO RECOVERY ASSOCIATES, LLC v. SUSAN YOUNG
    Case No.: 005237
    Complaint Amount: $1,192.67
    Original Creditor: CITIBANK, N.A./SEARS
    Creditor to Whom Debt is Owed: PORTFOLIO RECOVERT ASSOCAITES, LLC
    PRA File No.: 13-89465
    Original Creditor Account Number: ****************2087
    Date of Last Payment: November 9, 2011

Dear SUSAN YOUNG:

 This letter serves to provide additional notice of the aforementioned action against you for collection of a debt pursuant to NY CPLR 3215. Failure to answer or otherwise appear in this action may result in a default judgment taken against you.

 If you wish to discuss this matter to avoid further legal proceedings, it is suggested that you call this office immediately.

          Sincerely,

          *Litigation Department*
          Associate Counsel New York
          Portfolio Recovery Associates, LLC
          1 (877) 343-9048

17. The collection letter violated the FDCPA in a number of ways.

18. The letter threatened to enter default judgment against Ms. Young, when doing so was precluded by Ms. Young's filing of an answer. NY CPLR 3215 governs the entry of default judgments.

19. The least sophisticated consumer, upon reading, "Failure to answer or otherwise appear in this action may result in a default judgment taken against you," may think that their answer was filed improperly, lost by the clerk, or otherwise disregarded by PRA. The least sophisticated

4

consumer may fear that perhaps PRA could obtain a default judgment.

20. This is made all the more confusing by the misidentification of the index number for the collection lawsuit. The collection letter that the "case number" (presumably for the collection lawsuit) was "005237," when that number, while a fragment of the actual case number. The number was not in a format that corresponds with any manner of identification for a civil court lawsuit, and did not identify the essential information needed to identify the lawsuit, such as the year of suit and the county of suit. Indeed, if anything, the "PRA File No.: 13-89465" was closer to the format of a civil court index number. However, the "PRA File No.," while closer in format, contained none of the correct index number for the collection lawsuit, CV-005237-14/KI. A consumer going to the courthouse with both the "Case Number" and the "PRA File No." would not be able to find a case under either number.

21. PRA's misidentification of the lawsuit in the collection letter made the threat of default all the more ominous. The least sophisticated consumer, upon reading, "Failure to answer or otherwise appear in this action may result in a default judgment taken against you," may think that there was another lawsuit by PRA, one that the consumer in fact had not filed an answer for. Indeed, this was just one of two collection lawsuits filed by PRA against Ms. Young.

22. The collection letter may, from the vantage point of the least sophisticated consumer, may seem to be coming from an attorney, and thus impliedly from an attorney who had done a meaningful attorney review. That the collection letter was coming from an attorney is suggested, inter alia, for the following reasons:

    a. The letterhead states it is from PRA's "Litigation Department."

    b. The letter states, the signature line, "Sincerely, *Litigation Department*, Associate

5

    Counsel New York, Portfolio Recovery Associates, LLC." (emphasis in the original). Notably, the collection lawsuit itself was signed under a similar title as used in the collection letter, "New York In-House Counsel, PORTFOLIO RECOVERY ASSOCIATES, LLC." The similarly of the identifications between the collection letter and the lawsuit, the italicization of the term *Litigation Department*, and the reference to Associate Counsel New York may all suggest to the least sophisticated consumer some level of attorney involvement.

  c. The letter threatens actions that may only be or are normally performed by attorneys such as entering a default judgment, providing an additional notice of default under CPLR 3215, or conducting "further legal proceedings."

23. However, on information and belief, there was no attorney involvement in the collection letter sent to Ms. Young, or certainly no meaningful attorney involvement to analyze the particulars of Ms. Young's file. The lack of meaningful attorney review is suggested, *inter alia*, by:

  a. The letter being sent ex parte to Ms. Young despite repeated notices of representation;

  b. The threat to enter default judgment when an answer was filed;

  c. The misidentification of the index number of the suit.

24. On information and belief, PRA knowingly sent the collections letter to induce Ms. Young into making payments on the putative account without the protection and recommendations of her counsel.

25. On information and belief, PRA's letter is a form letter sent to consumers en masse even

6

if they have filed an answer and even if they are represented by counsel.

26. As such, PRA's false and misleading *ex parte* collections letter was consumer oriented conduct, having a broader impact on other similarly situated consumers, in addition to Ms. Young.

27. PRA's *ex parte* collection letter inflicted emotional distress on Ms. Young, including feelings of fear, confusion, and anxiety. Ms. Young thought she was protected by counsel in the collections lawsuit and was not vulnerable to a default judgment. The *ex parte* letter caused Ms. Young to believe that she might have a default judgment entered against her, despite her efforts to defend the collections lawsuit.

## COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Ms. Young repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

29. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

30. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5,

("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and <u>Jacobson v. Healthcare Fin. Servs.</u>, 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

31. The obligation Defendant alleged to be owed by Ms. Young is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

32. Ms. Young is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Ms. Young was alleged to owe a "debt."

33. Defendant PRA is a "debt collector" as defined in 15 U.S.C. § 1692a(6) because its principal purpose is the collection of debts and/or it regularly attempts to collect debts, directly or indirectly.

34. PRA purchases charged off consumer accounts after they are in default with the putative original creditor and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits.

35. Defendant PRA violated the following sections of the FDCPA: 15 U.S.C. § 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or

compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. The conduct of PRA was a direct and proximate cause, as well as a substantial factor, in bringing about the damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant PRA is liable to compensate Plaintiff for the full amount of actual, compensatory damages, as well as such other relief, permitted under the law.

### COUNT #2: NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ.

37. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

38. New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

39. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both." N.Y. Gen. Bus. Law § 349(h).

40. Defendant's actions were consumer oriented. The collection letter at issue is a form letter and, combined with the enormous volume of suits filed by PRA in New York, can reasonably be expected to impact other New York consumers.

41. Defendant committed the above described acts willfully and/or knowingly.

42. Defendant's wrongful and deceptive acts caused injury and damages to Plaintiff.

9

43. As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, as to recover actual, treble damages and punitive damages, costs and attorney's fees.

## JURY DEMAND

44. Ms. Young demands a trial by jury.

## PRAYER

45. WHEREFORE, Plaintiff asks for judgment against Defendant for the following:

   a. The above referenced relief requested;

   b. A declaration Defendant has committed the violations of law alleged in this action;

   c. An order enjoining and directing Defendant to cease violating G.B.L. § 349 *et seq.*;

   d. Actual, statutory, treble, exemplary and punitive damages pursuant to G.B.L. § 349 *et seq.*

   e. Statutory damages under the FDCPA of up to $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

   f. Actual and exemplary damages within the jurisdictional limits of the court;

   g. Attorney fees and costs;

   h. Prejudgment and post judgment interest as allowed by law;

   i. General relief;

   j. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled.

Dated:  Brooklyn, New York
        October 11, 2015

                             Respectfully submitted,

/s/

Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com