JONATHAN P. FLOYD
804.697.1435 telephone
804.697.1339 facsimile
jonathan.floyd@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virginia  23219
804.697.1200 telephone
troutmansanders.com

February 21, 2017

**BY ECF**

Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

Re:   *Young v. Portfolio Recovery Associates, LLC*, 15-cv-05854-NGG-RML
      **Defendant's request for pre-motion conference to compel discovery responses and depositions of Plaintiff and Witness.**

Dear Judge Levy:

This firm represents defendant Portfolio Recovery Associates, LLC ("PRA") in this proceeding. In accordance with Local Civil Rule 37.3 and your individual motion practices and rules, Defendant submits this letter seeking a pre-motion conference to compel discovery from Plaintiff Susan Young. Defendant seeks an order for Plaintiff to produce retainer agreement(s) at issue in this case, as twice ordered by Your Honor. Defendant also seeks to compel Plaintiff's deposition, as well as the deposition of her son, Kevin Garrett, who has been named as a witness in this lawsuit.

Despite the straightforward nature of this claim (which involves a single letter that PRA admits it mailed to Plaintiff), Plaintiff's Counsel, Ahmad Keshavarz, has failed to meaningfully engage in discovery and settlement discussions throughout the duration of this lawsuit. PRA is now concerned that Mr. Keshavarz is attempting to increase the cost of litigation in hopes of recovering a larger award of attorneys' fee, something other courts have previously admonished. *See Okyere v. Palisades Collection*, *LLC*, 300 F.R.D. 149, 151 (S.D.N.Y. 2014) (finding Mr. Keshavarz caused "the unnecessary expenditure of defendants' time," and "took positions that unnecessarily increased defendants' attorney's fees — such as by seeking disproportionate discovery," which resulted in hours expended by defendants on tasks for which Plaintiff's counsel should not be compensated); and *Kulig v. Midland Funding, LLC*, 2014 U.S. Dist. LEXIS 169860, *2-3 (S.D.N.Y. Nov. 20, 2014) (where Mr. Keshavarz, was found inadequate to represent a class under the FDCPA after admitting that he did not communicate settlement offers to his client and made settlement demands without his client's knowledge).

In an effort to advance this lawsuit, PRA seeks to compel the following discovery:

**Production of Retainer Agreement(s)**

On November 14, 2016, the Parties participated in a joint status call concerning PRA's request for a pre-motion conference to compel discovery responses, enlarge time to complete discovery, and for settlement conference. At the pre-motion conference, counsel for PRA

detailed its discovery demands to Your Honor, including the multiple retainer agreements entered into between Plaintiff and Mr. Keshavarz. Mr. Keshavarz's retainer agreements are relevant due to PRA's multiple attempts to resolve this matter that were rejected or ignored by Mr. Keshavarz, including an Offer of Judgment which contained an award of attorneys' fees.

Mr. Keshavarz's recent use of inappropriate retainer agreements to prevent the resolution of lawsuits is well documented. Mr. Keshavarz was recently found to have utilized retainer agreements which gave him the ability to prevent settlements and which contemplate sharing attorneys' fees with clients. *See Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, No. 15-CV-2741, Doc. No. 114, pg. 10 (July 28, 2016 S.D.N.Y.). The Court disapproved of both provisions as in violation of Second Circuit precedent and the ABA Model Rules of Professional Conduct. *Id.* The Court was especially concerned that "Plaintiff's splitting attorney's fees with their counsel does not support [the] policy of meritorious claims . . . [i]nstead, it gives plaintiffs an incentive to perpetuate actions as long as possible to increase their windfall. *Id.* at 14. Due to his actions, the Court in *Samms* chose to reduce the award of attorney's fees to Mr. Keshavarz "in light of the limited success ultimately obtained by the plaintiff." *Id.* at 22 – 23. The Court found that rejected settlement offers (including an offer of judgment like in this matter) indicated that Plaintiff received a lesser recovery having taken the case to trial. For this reason, Mr. Keshavarz's attorney fees were struck by 15% across the board.

PRA has twice requested that Plaintiff be compelled to produce this information so that it can confirm the exclusion of similar unethical provisions as well as the date of the amendment(s). On November 15, 2016 and February 1, 2017, Your Honor Ordered that Plaintiff produce "the current retainer agreement between plaintiff and counsel limited to fee splitting and plaintiff's counsel's role in approving a settlement." To date, Plaintiff has failed to produce any retainer agreement. Instead, Mr. Keshavarz argues that there are no documents responsive to Your Honor's Orders. *See* **Exhibit A** as attached. This is indicative of Mr. Keshavarz's efforts to deceive the Court at the November pre-motion conference wherein, as Your Honor's Order so reflects, the result of the discussion was Mr. Keshavarz's agreement to produce his most current retainer agreement.

For these reasons, PRA now renews its request that Mr. Keshavarz produce all retainer agreements between Plaintiff and counsel in this matter. Production of similar documents by Mr. Keshavarz has been required by other courts. *See Samms v. Abrams,* (supra). In the alternative, PRA respectfully requests that, at the least, Plaintiff produce the current retainer agreement between Plaintiff and counsel. PRA requests that the retainer agreement be unredacted as any business confidential information, like PRA's policies and procedures, can be produced subject to the Protective Order in this matter.

**Deposition of Plaintiff Susan Young and Witness Kevin Garrett**

PRA has unsuccessfully attempted to conduct multiple depositions in this matter. As

recently as January 17, 2017, Mr. Keshavarz stated, "I would be glad to discuss the possibility of my client's deposition – in fact I have been asking repeatedly for dates to take her deposition and have been ignored . . . my client's testimony is the best basis for the valuation of her case's valuation." *See* **Exhibit B** as attached.

Per Mr. Keshavarz's request, following this email, PRA again supplemented its discovery responses. A subsequent Motion to Compel additional documents by Mr. Keshavarz was denied when Your Honor found on February 1, 2017 that "defendants have represented to the court that they have made a diligent search for the requested materials, including all telephone call recordings associated with the plaintiff."

Following the February 1, 2017 Order, on February 3, 2017, PRA served its Fourth Amended Notice of Deposition for Plaintiff Susan Young and its First Notice of Deposition for Kevin Garrett on Mr. Keshavarz; both depositions were noticed for February 20, 2017. *See* **Exhibit C** and **Exhibit D**. Mr. Keshavarz acknowledged receipt of the email enclosing the Notices but did not object to them. Between Monday, February 13 and Friday, February 17, 2017, counsel for PRA made seven attempts to contact Mr. Keshavarz or his associate, Jessica Moody, to confirm that the deponents would appear as Noticed. When they failed to respond, counsel for PRA made travel arrangements and retained a court reporter. After the close of business on Friday, February 17 (the business day prior to the depositions), Mr. Keshavarz responded that, despite his prior agreement, neither deponent would appear.

For these reasons, PRA now seeks an Order compelling Plaintiff and Mr. Garrett make themselves available for deposition no later than March 17, 2017 pursuant to the terms of the attached Notices of Deposition.

Further, pursuant to Fed. R. Civ. P. 37(a)(5) and 37(b)(2), PRA intends to seek payment of its expenses and sanctions concerning Plaintiff's failure to comply with multiple Court Orders and Notices of Deposition in this matter.

We thank Your Honor for your consideration of this matter. If Your Honor has any questions, please do not hesitate to contact my office.

                                        Respectfully submitted,

                                        */s/ Jonathan P. Floyd*

                                        Jonathan P. Floyd

cc: All Counsel of Record (via ECF)

Enclosure

TROUTMAN
SANDERS

February 21, 2017
Page 4

## CERTIFICATE OF CONFERENCE

I attempted to resolve these matters with opposing counsel via telephone calls which have gone unanswered and emails without court involvement but those efforts have been unsuccessful. I further attempted to resolve these matters via prior Motions to Compel but opposing counsel has refused to comply with the Court's Orders resulting from those efforts.

Respectfully submitted,

*/s/ Jonathan P. Floyd*

Jonathan P. Floyd

29722247